IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| FLOORING SOLUTIONS, INC., | ) | Case No. 16-12380-BFK |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| SONABANK, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Contested Matter |
| | ) | |
| FLOORING SOLUTIONS, INC., and | ) | |
| KLINETTE H. KINDRED, TRUSTEE, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

THIS MATTER having come before the Court on the Motion for Relief from the Automatic Stay ("Stay Motion") filed by the movant Sonabank ("Sonabank") herein;

AND IT APPEARING that the Debtor Flooring Solutions, Inc. ("FSI" or "Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on July 8, 2016 and thereafter Klinette H. Kindred ("Trustee") was appointed interim Chapter 7 trustee herein and continues to serve in that capacity;

AND IT FURTHER APPEARING that FSI is obligated to Sonabank pursuant to a certain Promissory Note ("Note") dated June 16, 2008 in the original principal amount of $3,000,000.00 and that the Promissory Note was amended from time to time thereafter, including modifications providing for an increase of the maximum credit available to $4,000,002.00;

AND IT FURTHER APPEARING that as security for repayment of the Note, FSI granted a security interest to Sonabank pursuant to i) a certain Commercial Security Agreement executed by FSI as of June 16, 2008, and ii) a certain Security and Compliance Agreement executed by FSI as of June 16, 2009 (collectively, the "Security Agreement") under which FSI granted and provided to Sonabank a first priority security interest in and lien against virtually all assets of FSI, including all equipment, furniture, fixtures, inventory, chattel paper, accounts and general intangibles, contracts and contract rights" owned by the Debtor (hereinafter the "Collateral") and that Sonabank properly perfected its security interest in the Collateral by filing UCC-1 Financing Statements with the Commonwealth of Virginia;

AND IT FURTHER APPEARING that FSI is in default under the Note, that there is no equity in the Collateral that could be utilized for the benefit of the estate, and that the nature of the Collateral is such that substantial value could be wasted without prompt administration and liquidation of same;

AND IT APPEARING that good cause exists to enter an expedited order granting relief from the automatic stay to Sonabank in order that Sonabank may exercise its rights in the Collateral, including seeking and obtaining the appointment of a receiver to administer and sell such Collateral for the benefit of Sonabank,

AND IT APPEARING that the Chapter 7 Trustee has evaluated the Collateral and the lien of Sonabank, and has determined in her good business judgment that the Collateral does not possess any value for the estate above the prior perfected liens of Sonabank herein and that the Collateral is burdensome and/or of inconsequential value to the estate, and that good cause otherwise exists to grant relief from the automatic stay as requested by Sonabank in the Stay Motion, it is hereby

ORDERED, that the automatic stay of 11 U.S.C. 362(d) is hereby immediately terminated as to the Collateral;

AND IT IS FURTHER ORDERED, that Sonabank shall be immediately entitled to exercise and enforce all of its rights and remedies under the Loan Documents (as defined in the Motion) and applicable law with respect to the Collateral, including, without limitation, seeking the appointment of a receiver to administer all or part of the Collateral pursuant to the terms of this Order, the Loan Documents and applicable state law and applying the proceeds arising from the sale of the Collateral to reduce the indebtedness that is owed by the Debtor to the Movant under the Loan Documents, and that the Trustee is further authorized to consent to appointment of any such receiver requested by Movant with respect to the Collateral;

AND IT IS FURTHER ORDERED, that any receiver appointed by Sonabank shall take possession of all inventory and materials located in the Debtor's warehouse facility, and shall thereafter assume responsibility for resolving any claims made by third parties with respect to any inventory or materials claimed to be owned by such third parties and claimed to be merely stored by the Debtor or otherwise held in a custodial capacity.  In resolving any such claims, Sonabank shall retain the ability to negotiate any such claims with said third parties with respect to all issues, including but not limited to, concerning the amount outstanding by any such third party on any contract with the Debtor, the services completed to date by the Debtor pursuant to any contract under which the third party has not made payment, and for and any reasonable cost for storage of the inventory or materials.

Date: Jul 19 2016

/s/ Brian F Kenney

**Hon. Brian F. Kenney
United States Bankruptcy Judge**

Entered on Docket: July 19, 2016

I Ask For This:

/s/ Kevin M. O'Donnell
Bruce W. Henry, VSB # 23951
Kevin M. O'Donnell, VSB #30086
Jeffery T. Martin, Jr., VSB # 71860
Henry & O'Donnell, P.C.
300 N. Washington St., Suite 204
Alexandria, Virginia 22314
(703) 548-2100
Counsel to Sonabank
Seen and Agreed:

Seen and Agreed:

 /s/ Klinette Kindred, Trustee
Klinette Kindred, Trustee
300 N. Washington Street
Suite 200
Alexandria, VA 22314
(703) 549-5000

4