IN THE UNITED STATE BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| FLOORING SOLUTIONS, INC. | ) | CHAPTER 7 |
| | ) | Bankruptcy |
| | ) | Case No. 16-12380-BFK |
| | ) | |
| DEBTOR. | ) | |

**MOTION TO PARTIALLY VACATE ORDER GRANTING SONABANK RELIEF FROM AUTOMATIC STAY AND MOTION FOR ORDER OF PAYMENT TO WESTLAKE LEGAL GROUP**

COMES NOW the Debtor, Flooring Solutions, Inc., ("Debtor" or "FSI") by and through counsel, and moves this Court to partially vacate its order of July 19, 2016, granting relief of the automatic stay to Sonabank and to order that Sonabank and the Trustee permit payment of checks to Westlake Legal Group. More specifically, Debtor seeks to have this Court order payment of certain checks written in the ordinary course of business *pre-petition*. In support thereof, Debtor states as follows:

1. This Court has jurisdiction in this matter.

2. On July 15, 2016, Sonabank, through Counsel, filed a Motion for Relief from Automatic Stay ("Motion"). In its Motion, Sonabank sought to enforce a lien against certain accounts receivable, contract rights, and personal property of the Debtor. On July 19, 2016, this Court granted Relief from the Automatic Stay based on Sonabank's representations,

3. The Motion for Relief from Automatic Stay included several documents alleged by Sonabank to create and define the terms of the obligation of Debtor to Sonabank. Among those exhibits were a Promissory Note (Ex. A to the Motion), a Business Loan Agreement (Ex. B. to the Motion), and a Commercial Security Agreement (Ex. C to the Motion).

1

4. In the Motion, Sonabank asserts that the attached documents "provided to Sonabank a security interest in and lien against virtually all assets of FSI, including all equipment, furniture, fixtures, inventory, chattel paper, accounts and general intangibles, contracts and contract rights" See ¶ 5 of Motion.

5. However, the assertion discussed *supra* regarding the security interest is not supported by the very documents attached by Sonabank to the Motion. The documents clearly indicate that Sonabank does not have a security interest or lien in all of the accounts of the debtor.

6. The Business Loan Agreement outlined the convenents between the Lender (Sonabank) and Borrower (FSI). The Agreement states that Borrower may not, without prior written consent of the Lender "sell, transfer, mortgage, assign, pledge, lease, grant a security interest in, or encumber any of Borrower's assets (*except as allowed as Permitted Liens*)." See pg. 4 of the Business Loan Agreement.

7. The Business Loan Agreement defines "Permitted Liens" to include "liens of materialmen, mechanics, warehousemen, or carriers, or other like liens arising in the ordinary course of business and securing obligations which are not yet delinquent." See pg. 6 of the Business Loan Agreement.

8. Thus, there is no secured right of setoff for funds associated with Permitted Liens and thus, the holding of Citizen Bank of Maryland v. Strumpf, 516 U.S. 16 (1995) is inapplicable.

9. On July 8, 2016, *prior to filing its Petition for Chapter 7 Relief*, Debtor tendered checks written on the accounts held at Sonabank to its counsel, Westlake Legal Group, for payment of legal fees already earned in preparation of the filing and obligation of fees and costs necessarily related to the filing of the Petition. These checks were tendered to Westlake

Legal Group prior to the filing of the Petition and were deposited by Westlake Legal Group prior to the filing of the Petition, but the funds did not clear the Debtor's account prior to the Sonabank's freezing of the accounts after the filing of the Petition.

10. Also, prior to filing its Petition for Chapter 7 Relief, Debtor tendered checks written on the accounts held at Sonabank to several of its employees, for payment for services already rendered. These checks were tendered to the employees prior to the filing of the petition, but the funds did not clear the employees' accounts prior to the filing of the Chapter 7 Petition.

11. These checks constitute "Permitted Liens" under the Business Loan Agreement as they are liens related to the provision of a service to the Debtor in the ordinary course of business.

12. Bankruptcy courts in this Circuit have previously considered similar issues relating to checks tendered pre-petition for the purpose of paying legal fees related to the filing of a bankruptcy petition. In In re Circle T Pipeline, Inc., the United States Bankruptcy Court for the Western District of Virginia considered the propriety of the payment of checks to debtor's counsel for pre-petition legal fees and fees incidental with the filing of the petition. No. 11-70556, 2011 Bankr. LEXIS 2490. (W.D. Bankr. April 27, 2011). Though the checks were written pre-petition, they failed to clear the debtor's account prior to the automatic stay.

13. The Circle T court analyzed:

> "[The] checks were written…prior to filing and clearly the Firm intended to disburse to itself what it had already earned in the preparation of the case for filing and obligation which it was about to incur for the requisite fee necessary to be paid simultaneously with the filing of the petition. Certainly it was the Debtor's intent to put the funds constituting the retainer under the control of the Firm. The Court concludes that the rule governing checks which have failed to clear the Debtor's bank account prior to the filing of a bankruptcy petition ought not be applied to checks written before filing on funds undoubtedly transferred by the Debtor to his attorney in payment of fees earned pre-petition and reimbursement of fees incurred pre-petition or necessarily incurred in connection with the act of filing the petition. The United States Trustee has not cited any authority holding that checks written upon retainers must clear the trust account prior to filing or be invalid and the Court sees no

3

statutory, rule, or policy reason why it ought to adopt such a rule having no apparent benefit to the other parties in interest in a bankruptcy case." In re Circle T Pipeline Inc., 2011 Bankr. LEXIS 2490 at 57-58.

14. Further, it is well-settled law in Virginia that receipt of a check, as opposed to payment received from a bank once the check clears, constitutes tender and payment related to an outstanding debt. See Florance v. Friedlander, 209 Va. 520, 522 (1969).

15. Thus, pursuant to the terms of the Business Loan Agreement included in Sonabank's Motion, Sonabank does not have security interest in the funds that were liened by the checks tendered to Westlake Legal Group and to Debtor's employees and materialmen.

16. Based on the above-referenced legal precedent of the bankruptcy courts of this Circuit and the Virginia Supreme Court, Westlake Legal Group is entitled to disbursement of the funds related to the payments it received pre-petition on July 8, 2016.

17. Based on the aforementioned precedent, the Debtor's employees are entitled to disbursement of the wages to which they were entitled to pre-petition.

WHEREFORE, Debtor prays this Court partially vacate the July 19, 2016 Order granting Sonabank relief from the Automatic Stay in order to preserve the accounts to the extent that there are "permitted liens" which are not subject to the bank's security agreement; to enter an order providing for relief of the automatic stay to allow the disbursement of funds from the debtor's account held at Sonabank to Westlake Legal Group for payments made by the Debtor pre-petition for pre-petition legal fees and filing fees and for employees' wages; and to grant such other and further relief as this Honorable Court deems just and proper.

Respectfully Submitted,

        Flooring Solutions, Inc.
        By Counsel

/s/ Whitney Lawrimore Hughes
Whitney Lawrimore Hughes, VSB No.82331
Westlake Legal Group
46175 Westlake Drive
Potomac Falls, VA 20165
Phone:  703-406-7616
Facsimile : 703-444-9498
Email: wlawrimore@westlakelegal.com
*Counsel to Debtor*

## CERTIFICATE OF SERVICE

     I hereby certify that this 20th day of July, 2016, a copy of the foregoing was served via first class mail, postage prepaid, to counsel for Sonabank, the Trustee, and via the ECF system to the same.

        /s/ Whitney Lawrimore Hughes
        Whitney Lawrimore Hughes