United States Bankruptcy Court
Eastern District of Virginia
Alexandria Division

In re:

**Flooring Solutions, Inc.**  Case No. 16-12380-BFK

Debtor.  Chapter 7

**Hearing August 16, 2016, 09:30 am
Courtroom III, 3rd Floor**

### Objection to Trustee's Application to Employ Counsel

Comes Now, Judy A. Robbins, United States Trustee, and files this objection to the Trustee's Application to Employ Counsel, Henry & O'Donnell, P.C. ("Henry & O'Donnell"). Docket No. 64.

### Summary

The overriding principle in approving the employment a fiduciary in an estate in bankruptcy is to ensure that the fiduciary's undivided loyalty to the estate is not compromised or eroded. In this case, Henry & O'Donnell represented Sonabank. Sonabank is the debtor's principal secured creditor. Sonabank has a security interest and lien on virtually all of the debtor's assets. While Henry & O'Donnell no longer represent Sonabank, Henry & O'Donnell still has an on-going duty of loyalty to the former client. The former client's interests and the interests

Office of United States Trustee
Jack Frankel, Attorney
115 S Union Street
Alexandria, VA 22314
(703) 557-7229
Jack.I.Frankel@USDOJ.GOV

of the estate, especially the unsecured creditors' interests, are adverse. Henry & O'Donnell is not a disinterested person. The application should be denied.

## Statement of Facts

1. On July 8, 2016, Flooring Solutions, Inc., filed a petition for relief under chapter 7 of the Bankruptcy Code.

2. Klinette H. Kindred was appointed interim trustee. No trustee was elected and Klinette H. Kindred is the case trustee.

3. On July 15, 2016, Sonabank filed a Motion for Relief from the Automatic Stay. Docket No. 18.

4. Sonabank was represented by Henry & O'Donnell.

5. In the Motion for Relief from the Automatic Stay, ¶ 5, Sonabank alleged:

> FSI [the debtor] granted a security interest to Sonabank… Under the terms of the Security Agreement, FSI granted and provided to Sonabank a security interest in and lien against virtually all assets of FSI, including all equipment, furniture, fixtures, inventory, chattel paper, accounts and general intangibles, contracts and contract rights."
> (hereinafter the "Collateral").

6. On July 19, 2016, the Court entered an Order granting Sonabank relief from the automatic stay. Docket No. 32.

7. The order stated, in part, that the debtor provided to Sonabank a first priority security interest in and lien against virtually all the assets of the debtor.

8. On July 29, 2016, the trustee filed Trustee's Application to Employ Counsel. Docket No. 64.

9. The Trustee seeks to retain counsel, Henry & O'Donnell, to, render services that include, among other things,

> taking necessary action to protect and preserve the estate and any assets of the estate, including the prosecution of actions and proceedings on behalf of the estate, the defense of any actions and proceedings commenced against the estate, negotiations concerning all litigation and assisting the Trustee in reviewing, estimating, objecting to and resolving claims asserted against the estate.
>
> Trustee's Application to Employ Counsel, ¶6 f

10. It is further disclosed that Sonabank is now represented by separate counsel "on all matters pertaining to this case and further expressly consented to H&O's proposed representation of the Chapter 7 Trustee herein." Application, ¶ 9 c.

11. The debtor has also filed an objection to the employment of Henry & O'Donnell. Response to Application to Employ Counsel to the Trustee. Docket No. 70.

12. The debtor alleges, in ¶ 7, that "The funds in Debtor's bank account were depleted despite Sonabank's loan documents specifically excluding a lien on certain assets."

Argument

The Virginia Rules of Professional Conduct govern the conduct of attorneys practicing before this Court.[1]

Henry & O'Donnell has a duty of loyalty to its former client, Sonabank.

Henry & O'Donnell's prior representation of Sonabank, the principal secured creditor, and its proposed representation of the chapter 7 trustee and estate, are intertwined. Approving the application would place Henry & O'Donnell in a situation thwart with professional ethical challenges.

Virginia Rule of Professional Conduct 1.9 states:

>  Conflict of Interest: Former Client
>
>  (a)  A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or substantially related matter in which that person's interests are materially adverse to the interests of the former client unless both the present and former client consent after consultation.
>
>  (b)  A lawyer shall not knowingly represent a person in the same or substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client:
>
>  (1) whose interests are materially adverse to that person, and

---

[1] Local Bankruptcy Rule 2090-1(I) states "**Professional Ethics**:  The ethical standards relating to the practice of law in this Court shall be the Virginia Rules of Professional Conduct now in force and as hereafter modified or supplemented." (emphasis in original)

(2)  about whom the lawyer had acquired information protected by Rule 1.6 and 1.9(c) that is material to the matter;

unless both the present and former client consent after consultation.

(c)  A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:

(1) use information relating to or gained in the course of the representation to the disadvantage of the former client except as Rule 1.6 or Rule 3.3 would permit or require with respect to a client, or when the information has become generally known; or

(2) reveal information relating to the representation except a Rule 1.6 or Rule 3.3 would permit or require with respect to a client.

Henry & O'Donnell, by the former representation of Sonabank, are presumed to possess confidential information regarding Sonabank's claim in this case. It is an irrebuttable presumption.

As former Chief Judge Tice stated regarding representing a former client:

> Once it is determined that an attorney-client relationship existed and that the matters are determined to be substantially related, then an irrebuttable presumption arises that relevant confidences were exchanged so that the attorney and the attorney's law firm must be disqualified.[3] *Rogers v. Pittston Co.,* 800 F.Supp. at 354 n. 5; *see also* Virginia Code of Responsibility DR 5–105(E) (1992); Virginia Legal Ethic Opinion No. 758 (January 13, 1986
>
> Footnote 3:
>
> The irrebuttable presumption prevents the former client-present adversary from being put into the dilemma of having to reveal confidences in order to obtain a disqualification. *See Government of India v. Cook*

> *Industries, Inc.,* 569 F.2d 737, 741 (2d Cir.1978) (Mansfield, J., concurring). However, in some cases where an attorney can show that no confidential information was gained, the former client's interest may be outweighed by the attorney's interest in maintaining the attorney's reputation, which may needlessly suffer unless counsel is given an opportunity to clear counsel's name. *Id.* Therefore, it has been argued that trial courts should have the discretion in an appropriate case to permit the door to be opened for rebuttal of the presumption through the use of *in camera* or other protective devices to safeguard the interest of the former client. *Id.* In fact, this *in camera* approach was used, albeit with the consent of the parties, by Judge Leisure in *United States Football League v. National Football League* where he found the purpose for the irrebuttable presumption rule had been removed and thus found it inapplicable. *United States Football League v. National Football League,* 605 F.Supp. at 1462. Despite the flexibility and appeal of this approach, the prevailing rule is that the presumption is irrebuttable. *See e.g., In re American Airlines, Inc., AMR Corp.,* 972 F.2d 605, 614 (5th Cir.1992); *Duncan v. Merrill Lynch, Pierce, Fenner & Smith,* 646 F.2d 1020, 1028 (5th Cir.1981); *Westinghouse Electric Corp. v. Gulf Oil Corp.,* 588 F.2d 221, 224 (7th Cir.1978); *Government of India v. Cook Industries, Inc.,* 569 F.2d 737, 740 (2d Cir.1978); *Rogers v. Pittston Co.,* 800 F.Supp. 350, 354 (W.D.Va.1992).
>
> *In re Stokes*, 156 B.R. 181, 186 (Bankr. E.D. Va. 1993)

Further, as this Court stated:

> The twin goals under Virginia Rules of Professional Conduct 1.9 are the preservation of confidentiality for the former client, and the continuing duty of loyalty. One Judge from this District analyzed the issue as follows:
>
> The key to assessing "the question of attorney disqualification in the successive representation context" is assessing the substantiality of the relationship between the present and the prior representation. *Tessier,* 731 F.Supp. at 730. An attorney-client relationship with the past client is, of course, a predicate to the consideration of a conflict. *Id.* And, "once an attorney-client relationship has been established, an irrebuttable presumption arises that confidential information was conveyed to the attorney in the prior matter;" the moving party does not have the evidentiary

> burden of showing actual disclosure of confidences. *Id.* at 731. Where, as here, an attorney-client relationship was formed, and the interests of the past and former clients are materially adverse, then disqualification turns solely on whether the past and present representation are substantially related.
>
> *Sunbeam Prods. v. Hamilton Beach Brands, Inc.,* 727 F.Supp.2d 469, 472 (E.D.Va.2010).
>
> *In re Dickson Properties, LLC*, No. 11-11656-BFK, 2012 WL 2026760, at *7 (Bankr. E.D. Va. June 5, 2012)

The allegation made by the debtor in its objection to the employment of Henry & O'Donnell is a concern. While the United States Trustee has no information regarding this allegation, the matter should be reviewed by the trustee and her attorney.

Will Henry & O'Donnell, as counsel to the trustee and former counsel to Sonabank, be able to investigate this allegation with a "jaundice eye and scowling mien?"

In making that determination, the Court should consider the guidance of the Fourth Circuit.

> In determining whether to disqualify counsel for conflict of interest, the trial court is not to weigh the circumstances "with hair-splitting nicety" but, in the proper exercise of its supervisory power over the members of the bar and with a view of preventing "the appearance of impropriety," it is to resolve all doubts in favor of disqualification. Neither is the court to consider whether the motives of counsel in seeking to appear despite his conflict are pure or corrupt; in either case the disqualification is plain.
>
> *United States v. Clarkson*, 567 F.2d 270, 273 (4th Cir. 1977), footnote 3 (citations omitted)

Henry & O'Donnell is an experienced bankruptcy firm. It is important that parties have counsel of their own choosing.

Nevertheless, as stated previously, the employment process of Section 327(a) of the Bankruptcy Code serves to insure that the undivided loyalty of a fiduciary to an estate in bankruptcy is not strained. Creditor and public confidence in the administration of bankruptcy cases is a consideration in employing professionals. The application should be denied.

>Judy A. Robbins
>United States Trustee
>
>/s/ Jack Frankel
>Jack Frankel, Attorney
>Office of United States Trustee
>115 S Union Street
>Alexandria, VA 22314
>(703) 557-7229

Certificate of Service

I hereby certify that on the 11th day of August, 2016, I e-mailed a copy of this objection to kkindred@tbrclaw.com and kmo@henrylaw.com.

>/s/ Jack Frankel